BROWN LAW FIRM, PC
Robert L. Sterup
315 North 24th Street
Billings, Montana 59101
Telephone: (406) 248-2611
Facsimile: (406) 248-3128

***Attorneys for Talen Montana Retirement Plan***

FILED
5/10/2022
Clerk, U.S. District Court
District of Montana
Billings Division

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| Talen Montana Retirement Plan, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PPL Corporation, PPL Capital Funding, Inc., PPL Electric Utilities Corp., PPL Energy Funding Corp., Paul A. Farr, Mark F. Wilten, Peter J. Simonich, and DOES 1-50,<br><br>Defendants. | Cause No. **CV-22-45-BLG-SPW-TJC**<br><br>**PLAINTIFF'S NOTICE OF REMOVAL** |

Plaintiff Talen Montana Retirement Plan (the "**Retirement Plan**" or "**Plaintiff**") hereby removes to this Court, under 28 U.S.C. §§ 1334 and 1452, and

Federal Rule of Bankruptcy Procedure 9027, the claims brought against Defendants PPL Corporation ("**PPL**"), PPL Capital Funding, Inc., PPL Electric Utilities Corp., PPL Energy Funding Corp., Paul A. Farr, Mark F. Wilten, Peter J. Simonich, and DOES 1-50 (collectively, "**Defendants**") in *Talen Montana Retirement Plan, et al. v. PPL Corporation, et al.*, No. DV 18-56 (the "**Rosebud Action**"), in the Sixteenth Judicial District Court of the State of Montana, Rosebud County (the "**State Court**"). In support of this Notice, Plaintiff states the matters set forth below.

## I. INTRODUCTION

1. Commencing May 9, 2022, Talen Montana, LLC ("**Talen Montana**") and its debtor affiliates filed with the Bankruptcy Court for the Southern District of Texas (the "**Texas Bankruptcy Court**") voluntary cases under chapter 11 of the Bankruptcy Code.[1] As a result of that bankruptcy proceeding, Plaintiff timely removes the Rosebud Action to this Court on the basis of arising under and arising in jurisdiction, or, at a minimum, related to jurisdiction, under the Bankruptcy Code. Because the claims asserted in the Rosebud Action became property of the estate of Talen Montana upon the filing of its chapter 11 petition and, pursuant to 11 U.S.C. § 544(b), the right to prosecute those claims lies exclusively with Talen

[1] "**Bankruptcy Code**" means title 11 of the United States Code.

Montana, as debtor in possession, this civil proceeding arises under the Bankruptcy Code or arises in the chapter 11 cases. Moreover, because the Rosebud Action would have a direct impact on Talen Montana and its debtor affiliates, their assets and liabilities, and their estates and creditors, this civil proceeding is related to the chapter 11 cases. This Court, therefore, has jurisdiction over the claims asserted in the Rosebud Action and removal is appropriate.

## II. BACKGROUND

### A. The Rosebud Action

2. The Retirement Plan filed the Rosebud Action on October 29, 2018, on behalf of itself and all other similarly situated creditors of PPL Montana, LLC ("**PPL Montana**"). The Rosebud Action centers on an alleged unlawful scheme by Defendants to improperly strip assets from PPL Montana, which is now known as Talen Montana, by directing the sale of PPL Montana's hydroelectric facilities for approximately $900 million, and then directing the distribution of the sale proceeds, net of taxes, received by PPL Montana out of PPL Montana and up the chain of ownership to PPL and certain of its other wholly-owned subsidiaries without any (or inadequate) consideration to PPL Montana. The sale of the hydroelectric facilities and distribution of cash proceeds left PPL Montana burdened with only negative cash flow assets and substantial environmental and other liabilities, including funding obligations to the Retirement Plan.

3. At the time of the sale and distribution of the hydroelectric asset sale proceeds, PPL owned all of PPL Montana through intermediate subsidiaries that PPL controlled. Further, PPL employed all three managers on PPL Montana's Board of Managers, two of whom served as PPL's Chief Financial Officer and Treasurer. Yet, despite in-depth knowledge of PPL Montana's substantial obligations and liabilities, Defendants approved the disposition of PPL's sole valuable assets—the hydroelectric facilities—and consented to the distribution of the proceeds, net of taxes, to PPL and its affiliates for no or inadequate consideration.

4. PPL's unlawful stripping of assets, as executed by Defendants, left PPL Montana insolvent and unable to fund its obligations to its creditors. As a result, the Retirement Plan brought claims against Defendants, on behalf of itself and all others similarly situated, for actual fraudulent transfer, constructive fraudulent transfer, recovery against subsequent transferees, civil conspiracy, concert of action, unjust enrichment, constructive trust, and punitive damages.

**B. Talen Montana's Chapter 11 Case**

5. On June 1, 2015, as a result of a spin-off transaction, PPL Montana became a subsidiary of a new company named Talen Energy Corporation ("**TEC**"). Talen Montana is a wholly-owned subsidiary of Talen Energy Supply, LLC (f/k/a

PPL Energy Supply LLC) ("**TES**"), which is in turn a wholly-owned subsidiary of TEC, an entity currently unaffiliated with PPL.

6. Commencing May 9, 2022 (the "**Petition Date**"), TES, Talen Montana, and their debtor affiliates (collectively, the "**Debtors**") filed the chapter 11 cases in the Texas Bankruptcy Court by filing voluntary petitions under chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have remained as debtors-in-possession pursuant to 11 U.S.C. § 1101 and have the rights, powers, and duties set out in 11 U.S.C. §§ 1107 and 1108.

7. With this Notice of Removal, the Retirement Plan, with the consent and support of Talen Montana, timely removes the Rosebud Action to this Court on the basis of arising under and arising in jurisdiction, or, at a minimum, related to jurisdiction, as more fully described below.

## II. GROUNDS FOR REMOVAL

8. A party "may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a).

9. District courts have original jurisdiction to hear all civil proceedings "arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). "[C]laims that arise under or in Title 11 are deemed to be 'core'

proceedings, while claims that are related to Title 11 are 'noncore' proceedings." *Schultze v. Chandler*, 765 F.3d 945, 948 (9th Cir. 2014) (quoting *Maitland v. Mitchell* (*In re Harris Pine Mills*), 44 F.3d 1431, 1435 (9th Cir. 1995)).

10. To determine whether a claim is core, a court first looks to the illustrative list of "core" proceedings in Section 157(b)(2). *Honigman, Miller, Schwartz & Cohn v. Weitzman (In re Delorean Motor Co.)*, 155 B.R. 521, 525 (9th Cir. B.A.P. 1993). Section 157(b)(2) of title 28 of the United States Code includes a non-exhaustive list of proceedings that arise under chapter 11—*i.e.*, "core" proceedings. *See* 28 U.S.C. § 157(b)(2). Courts further consider whether the proceeding is a "state law claim that could exist outside of bankruptcy and is not inextricably bound to the claims allowance process or a right created by the Bankruptcy Code." *Delorean Motor*, 155 B.R. at 525.

11. A related-to case represents "the broadest of the potential paths to bankruptcy jurisdiction." *Binder v. Price Waterhouse & Co. (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 163 (3d Cir. 2004). Although such a case does not invoke a substantive right under the Bankruptcy Code, it is one that "could ***conceivably*** have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134–35 (1995); *accord State of Montana v. Goldin (In re Pegasus Gold)*, 394 F.3d 1189, 1193 (9th Cir. 2005). In

other words, a case is "related to" the bankruptcy "if the outcome ***could*** alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Pacor*, 743 F.2d at 994 (emphasis added).

12. Every U.S. Circuit Court of Appeals, including the Ninth Circuit, has adopted or closely followed the standard for related-to jurisdiction as articulated by the Third Circuit in *Pacor*. *See Fietz v. Great W. Sav. (In re Fietz)*, 852 F.2d 455, 457 (9th Cir. 1988); *see also Lindsey v. O'Brien, Tanski, Tanzer & Young Health Care Providers of Conn. (In re Dow Corning Corp.)*, 86 F.3d 482, 489 (6th Cir. 1996); *Publicker Indus. Inc. v. United States (In re Cuyahoga Equip. Corp.)*, 980 F.2d 110, 114 (2d Cir. 1992); *In re G.S.F. Corp.*, 938 F.2d 1467, 1475 (1st Cir. 1991); *Gardner v. United States (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir. 1990); *In re Lemco Gypsum, Inc.*, 910 F.2d 784, 788 n. 19 (11th Cir. 1990); *Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir. 1987); *Dogpatch Props. V. Dogpatch U.S.A., Inc. (In re Dogpatch, U.S.A., Inc.)*, 810 F.2d 782, 786 (8th Cir. 1987); *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1002 n.11 (4th Cir. 1986); *cf. In re FedPak Sys., Inc.*, 80 F.3d 207, 213–14 (7th Cir. 1996) ("Our precedents hold that [a] case is 'related' to a bankruptcy when the dispute affects the amount of property for distribution [i.e., the debtor's estate] or the allocation of property among creditors.") (internal quotation marks omitted).

13. This Court has jurisdiction under 28 U.S.C. § 1334(b). Upon the filing of its chapter 11 petition, the Rosebud Action became property of the estate of debtor Talen Montana and could only be prosecuted by the bankruptcy estate pursuant to 11 U.S.C. § 544(b). *See, e.g.*, *Samson v. U.S. W. Commc'ns. (In re Grigonis)*, 208 B.R. 950, 957–58 (Bankr. D. Mont. 1997) (fraudulent transfer); *Arab Monetary Fund v. Hashim (In re Hashim)*, 379 B.R. 912, 915 (B.A.P. 9th Cir. 2007) (civil conspiracy); *In re Retz*, No. 04-60247-7, 2008 Bankr. LEXIS 974, at *45–47 (Bankr. Mont. Mar. 19, 2008) (unjust enrichment).

14. As debtor in possession, Talen Montana has the exclusive authority to continue to prosecute the Rosebud Action, which is rooted in the fraudulent transfer claims, for the benefit of its estates and creditors. *See* Fed. R. Bankr. P. 6009. This right arises under sections 544(b)(1) and 550(a) of the Bankruptcy Code. *See, e.g.*, *Samson v. Rocky Mountain Recreational Cmtys., LLC (In re Rocky Mountain Recreational Cmtys., LLC)*, Bankr. No. 10-61045-7, 2012 WL 5248480, at *8 (Bankr. D. Mont. Oct. 23, 2012); *Grigonis*, 208 B.R. at 957–58.

15. Furthermore, section 157(b)(2)(H) of title 28 of the United States Code specifically gives district courts and bankruptcy courts the power to hear "proceedings to determine, avoid, or recover fraudulent conveyances" as core proceedings. Because the claims in the Rosebud Action are rooted in the fraudulent transfer claims, which are expressly enumerated as a core claim under

section 157(b)(2)(H), and Talen Montana has authority to continue to prosecute the claims on behalf of its estate and creditors under sections 544(b)(1) and 550 of the Bankruptcy Code, the Rosebud Action arises under title 11 or arise in the Chapter 11 Cases of Talen Montana. *See* Fed. R. Bankr. P. 6009.

16. At a minimum, this Court has related-to jurisdiction because the relief sought in the Rosebud Action could conceivably impact, and indeed directly impacts, debtor Talen Montana's assets and liabilities, the value of its estate, and the potential recovery available to its creditors under any chapter 11 plan. The monetary damages sought in the Rosebud Action are substantial, and the claims asserted could provide a potentially significant source of recovery for the benefit of Talen Montana's estate and its creditors, which also include Talen Montana's affiliated debtors.

17. For this reason, the Rosebud Action is related to the chapter 11 cases and removal jurisdiction is satisfied under 28 U.S.C. § 1452(a).

## III. THE REMOVAL PREREQUISITES HAVE BEEN SATISFIED

18. This action is properly removed to this Court because the Rosebud Action is pending before the State Court within this district and division. *See* 28 U.S.C. §§ 1334, 1452; Fed. R. Bankr. P. 9027(a).

19. Copies of all pleadings, process, orders, and other filings in the State Court are attached to this notice and/or will be transmitted to this Court from the

State District Court as required by 28 U.S.C. § 1446(a) and Federal Rule of Bankruptcy Procedure 9027(a) and Local Rule 3.3(a).

20. Simultaneously with the filing of this Notice of Removal, Plaintiff is filing a copy of this Notice of Removal in the State Court and on all parties to the Rosebud Action in compliance with 28 U.S.C. § 1446(d) and Federal Rule of Bankruptcy Procedure 9027(b) and (c) and Mont. R. Civ. P. 77(e).

21. The Retirement Plan consents to the entry of final orders or judgments by the Texas Bankruptcy Court, as required by Bankruptcy Rule 9027(a)(1).

22. No admission of law, fact, or liability is intended by this Notice of Removal. Nor does this Notice of Removal waive any claims available to Plaintiff.

WHEREFORE, Plaintiff hereby removes the above-captioned action from the Sixteenth Judicial District Court of Rosebud County, Montana, and requests that further proceedings be conducted in this Court as provided by law.

Dated: May 10, 2022

/s/ Robert Sterup
BROWN LAW FIRM, PC
Robert L. Sterup
315 North 24th Street
Billings, Montana 59101
Telephone: (406) 248-2611
Facsimile: (406) 248-3128

and

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Karl S. Stern
Elizabeth M. Devaney
Pennzoil Plaza
711 Louisiana St., Suite 500,
Houston, Texas 77002
Telephone: (713) 221-7000
Facsimile: (713) 221-7100

*Attorneys for Talen Montana Retirement Plan*

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on the 10th day of May 2022, a true and correct copy of the foregoing was served upon the following as indicated:

[ x] U.S. Mail [x] Email [ ] Hand [ ] Facsimile

| | |
|---|---|
| T. Thomas Singer<br>AXILON LAW GROUP, PLLC<br>115 North Broadway, Ste. 310<br>P.O. Box 987<br>Billings, MT 59103-0987<br>tsinger@axilonlaw.com<br><br>-and-<br><br>Elizabeth L Griffing<br>AXILON LAW GROUP, PLLC<br>Power Block, Ste. 4P<br>7 West 6th Ave.<br>Helena, MT 59601<br>bgriffing@axilonlaw.com<br><br>*Attorneys for Defendants PPL Corporation; PPL Capital Funding; PPL Electric Utilities Corp.; PPL Energy Funding Corp.; Mark F. Wilten; and Peter J. Simonich* | Mark D. Parker<br>CASEY, HEITZ & COSGROVE, PLLC<br>401 N. 31st St., Ste. 805<br>P.O. Box 7212<br>Billings, MT 59103-7212<br>markdparker@parker-law.com<br>caseyheitz@parker-law.com<br><br>-and-<br><br>Joshua L. Seifert<br>JOSHUA L. SEIFERT PLLC<br>175 Varick Street<br>New York, New York 10014<br>(646) 470-2647<br><br>*Attorneys for Defendant Paul A. Farr* |

/s/ Robert Sterup
BROWN LAW FIRM, PC
Robert L. Sterup
315 North 24th Street
Billings, Montana 59101
Telephone: (406) 248-2611
Facsimile: (406) 248-3128